```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

RICHARD ARTAWAY SMITH JR.,      )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 4:05CV186(JCH)
                                )
ST. LOUIS COUNTY JUSTICE CENTER,)
et al.,                         )
                                )
            Defendants.         )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Richard Artaway Smith for leave to commence this action without payment of the required filing fee [Doc. #1]. At the time plaintiff submitted his application, he was incarcerated at the St. Louis County Justice Center (SLCJC) in Clayton, Missouri. Although it appears that plaintiff has subsequently be released, the Court must still assess (and, if funds exist, collect) an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $57.17, and an average monthly account balance of $18.48. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.43, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 . for alleged violations of his constitutional rights. Named as defendants are the SLCJC, Unknown O'Brian, Unknown Deluca, Unknown McKinney, John Szuba, Linda Mueller, Unknown Siler, Unknown Thelma, and Unknown May. Although not listed as a defendant in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears that plaintiff also seeks relief against the "Internal Affairs" Division of the St. Louis County Jail (Internal Affairs Division).

**Discussion**

Plaintiff's claims against defendants O'Brian, Deluca, McKinney, Szuba, Mueller, Thelma, and May regarding the excessive use of force (sexual assault) in violation of the eighth amendment survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that the defendants reply to these

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claims.

Plaintiff's claims against the SLCJC and the Internal Affairs Division, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The SLCJC and the Internal Affairs Division are not a suable entities. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); cf. Catlett v. Jefferson County, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983).[1] Furthermore, plaintiff has not alleged that unlawful actions were taken pursuant to St. Louis County's policies or customs. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).

Plaintiff's claims against defendant Siler should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick

---

[1] To the extent that plaintiff seeks damages against unspecified members of the Internal Affairs Division - as compared to the Internal Affairs Division itself - plaintiff has not set forth enough facts to permit the identity of the unknown and unnamed defendant members of the Internal Affairs Division to be determined. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has failed to assert any facts indicating that defendant Siler was directly involved in or personally responsible for the alleged deprivation of rights. Accordingly, plaintiff's claims against this defendant should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add the St. Louis County Justice Center Internal Affairs Division as a defendant in this case – in addition to the defendants already docketed.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $11.43 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants St. Louis County Justice Center, the St. Louis County Justice Center Internal Affairs Division, and Siler because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants O'Brian, Deluca, McKinney, Szuba, Mueller, Thelma, and May.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants O'Brian, Deluca, McKinney, Szuba, Mueller, Thelma, and May shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 25th day of May, 2005.

        /s/ Jean C. Hamilton
        **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PDF created with FinePrint pdfFactory trial version www.pdffactory.com