UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD ARTAWAY SMITH, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV186 JCH |
| ) | |
| ST. LOUIS COUNTY JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants O'Brien, McKinney, Szuba, Mueller, Thelma, and May's Motion to Dismiss, filed September 19, 2005, and Defendant Deluca's Motion to Dismiss, filed March 10, 2006.[1] (Doc. Nos. 30, 40). The motions are fully briefed and ready for disposition.

By way of background, Plaintiff filed the instant Complaint on January 31, 2005. In his Complaint, Plaintiff seeks damages pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Named as Defendants are the St. Louis County Justice Center ("SLCJC")[2], Unknown O'Brien, Unknown Deluca, Unknown McKinney, John Szuba, Linda Mueller, Unknown Siler, Unknown Thelma, Unknown May, and the Internal Affairs Division of the St. Louis County Justice Center.[3] Specifically, Plaintiff claims Defendants O'Brien, Deluca, McKinney, Szuba, Mueller, Thelma, and May violated his rights when they threatened his safety, sexually assaulted him, punished

---

[1] Because the motions raise similar issues, the Court will treat them together in this Order.

[2] When he filed his Complaint, Plaintiff was incarcerated at the SLCJC in Clayton, Missouri.

[3] In an Order entered May 25, 2005, this Court dismissed the SLCJC, the St. Louis County Justice Center Internal Affairs Division, and Unknown Siler as Defendants in this matter. (Doc. No. 9).

him with extra days in administrative segregation, and then refused to entertain his grievances regarding the alleged unlawful acts. (Doc. No. 2, P. 6).

As stated above, Defendants filed the instant Motions to Dismiss on September 19, 2005, and March 10, 2006, asserting Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. Nos. 30, 40).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

In Johnson v. Outboard Marine Corporation, the Eighth Circuit delineated the standard for claims against public servants as follows:

> Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both. *See, e.g., Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). The amended complaint does not specify in what capacity the law enforcement defendants are being sued....This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. *See Artis v. Francis Howell North Band Booster Ass'n Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Murphy*, 127

> F.3d at 754. Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619-20 (8th Cir. 1995). Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer. *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Johnson v. Outboard Marine Corp, 172 F.3d 531, 535 (8th Cir. 1999).

In the instant case, there is no language in the Complaint specifying that Defendants are being sued in their individual capacity. The suit thus is construed as one against Defendants in their official capacity only. Brown v. Horn, 2006 WL 744320 at *2 (E.D. Mo. Mar. 21, 2006). "Accordingly, the Court construes this complaint as against the governmental employer itself." Id. (citations omitted).

Under Supreme Court law, "[a] governmental entity may not generally be held liable for the allegedly unconstitutional acts of its employees under the doctrine of *respondeat superior*." Brown, 2006 WL 744320 at *2, citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, the governmental entity may be held liable for the unconstitutional acts of its employees only when those acts implement or execute an unconstitutional policy or custom. Brown, 2006 WL 744320 at *2 (citations omitted).

In the instant case, there is nothing in Plaintiff's Complaint or other pleadings to suggest that Defendants acted under any governmental policy or custom, or that any governmental entity was the moving force behind the injuries alleged. Brown, 2006 WL 744320 at *3.[4] Thus, because Plaintiff

---

[4] To the contrary, in his various responses to Defendants' Motions to Dismiss, Plaintiff actually asserts that in violating his rights, several Defendants were, "overstepping the boundaries of their authority," "exercis[ing] authority they didn't have," or, "failing to follow the guidelines of the St. Louis Clayton County jail system." (Doc. No. 34, P. 1; Doc. No. 47, P. 1).

has presented no evidence suggesting any liability on the part of St. Louis County, or any other governmental entity, for the alleged misconduct, summary judgment will be granted to Defendants on Plaintiff's § 1983 claim. Johnson, 172 F.3d at 536.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants O'Brien, McKinney, Szuba, Mueller, Thelma, May, and Deluca's Motions to Dismiss (Doc. Nos. 30, 40) are **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of June, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] As further support for its ruling, the Court notes that in his Complaint, Plaintiff seeks only monetary damages. (Doc. No. 2, P. 7). The Eleventh Amendment bars suits against state officials in their official capacities when, "the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (internal quotations and citations omitted). Further, the state is the real party in interest if, "the judgment sought would expend itself on the public treasury or domain,...." Id. at 102 n. 11 (internal quotations and citations omitted). Thus, a plaintiff cannot recover monetary damages in an official-capacity suit against a state official, as such an award would require an expenditure of state funds. Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989).